UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20438-Civ-COOKE/TURNOFF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*,

    Plaintiffs
vs.

JOHN ROMANO, D.C., *et al.*,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION
TO STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL**

THIS MATTER is before me on Plaintiffs', State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company, Motion to Strike Defendants', Carlos Rodriguez and Char Enterprises, Inc., Demand for Jury Trial. ECF No. 216. Defendants filed a Response to Plaintiffs' Motion to Strike. ECF No. 217. Plaintiffs did not file a reply. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons herein, Plaintiffs' Motion is denied.

**I. BACKGROUND**

On February 3, 2012, Plaintiffs filed their Complaint without requesting a trial by a jury. ECF No. 1. Each Defendant answered the Complaint without demanding a jury trial. ECF No. 48, 68, 69. On April 23, 2012, the parties filed a Joint Scheduling Order and represented that they agreed on a bench trial. ECF No. 64. On October 23, 2012, Plaintiffs amended their Complaint. ECF No. 80. On August 27, 2013, Defendants filed their Answer and Affirmative Defenses, demanding a jury trial. ECF No. 210.

1

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 38 provides in relevant part:

On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served;. . .
(d) Waiver; Withdrawal.  A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38.

Issues on which a jury trial is not properly demanded are to be tried by the court, but the court may, on motion, order a jury trial for which a jury might have been demanded. Fed. R. Civ. P. 39.  "The right to a jury trial shall be preserved inviolate and a court's discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial. *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 09-61590-CIV-MORENO, 2010 WL 2427432, at *1 (S.D. Fla. Jun. 16, 2010) (citing *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992)).  The general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary.  *Coach Servs., Inc.*, 2010 WL 2427432, at *1 (citing *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir. 1983)).

The district courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Coach Servs., Inc.*, 2010 WL 2427432, at *1 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

### III. ANALYSIS

Plaintiffs argue that Defendants waived their right to a jury trial when they failed to make a demand within fourteen days of the "last pleading directed to the issue." Fed. R. Civ. P. 38; Pls.' Mot. to Strike 3. The parties, however, disagree on what pleading was the "last pleading directed to the issue." Pls.' Mot. to Strike 3-5; Defs.' Resp. to Mot. to Strike 2-3. Plaintiffs contend that the relevant pleading was their first complaint, whereas Defendants argue it was their Answer to the Amended Complaint. Pls.' Mot. to Strike 3-5; Defs.' Resp. to Mot. to Strike 2-3.

Plaintiffs rely on *LaMarca*, where a district court held that an amended complaint that does not raise a new issue does not entitle defendant to demand a previously waived jury trial. *LaMarca v. Turner*, 662 F. Supp. 647, 652 (S.D. Fla. 1987). Few years after the *LaMarca* decision, however, the Eleventh Circuit resolved the issue of the meaning of "pleading" in Federal Rule of Civil Procedure 38. *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995). The Eleventh Circuit held that an answer to an amended pleading is the "last responsive pleading" for purposes of Rule 38. *See id.* This holds true even if the amended pleading did not raise any new issue entitling the parties to a jury trial. *See id.* 1240 (finding that an amended complaint adding a Federal Tort Claims Act count did not entitle the plaintiff to a jury trial on this new claim, yet allowed the plaintiff to demand a jury trial within ten[1] days after the filing of the answer to his amended complaint). Accordingly, in this case, Defendants' Answer to Plaintiffs' Amended Complaint, filed on August 27, 2013, is the "last pleading directed to the issue." Answers, ECF No. 208; 209; 210. Defendants' request for a jury trial within this Answer is, therefore, timely and proper.

Even assuming, arguendo, that Defendants' demand for a jury trial was not timely, I construe Defendants' Response to Plaintiff's Motion to Strike as a Rule 39 Motion demanding a

---

[1] A 2009 amendment revised Rule 38 and extended the time frame to file a demand for a trial by a jury from 10 days to 14 days. Fed. R. Civ. P. 38.

jury trial. *Coach Servs., Inc.*, 2010 WL 2427432, at *2 (interpreting a party's arguments in favor of a jury trial during calendar call as an *ore tenus* motion demanding a jury trial). I find that the Rule 39 factors weigh in favor of a jury trial. The issues in this case are not extremely complex and can be determined by a jury. *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 12-12181, 2013 WL 3989107, at *1 (11th Cir. Aug. 6, 2013) (stating, in a similar case, that the issue of unjust enrichment was tried to a jury). A jury trial will not affect the trial date. Plaintiffs argue they would be prejudiced if a jury trial takes place but they did not state how a trial by a jury would affect the cost of litigation. Finally, even though Defendants' request could have been made at an earlier time, Plaintiffs have known since the filing of Defendants' Answer, on August 27, 2013, that the issue of whether this case would be a jury or bench trial would need to be resolved, and therefore should have prepared for the trial with this consideration in mind. Accordingly, I do not find that "strong and compelling reasons" warrant the denial of Defendants' request for a jury trail. *Coach Servs., Inc.*, 2010 WL 2427432, at *1.

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED and ADJUDGED** that Plaintiffs', State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company, Motion to Strike Defendants, Carlos Rodriguez and Char Enterprises, Inc., Demand for Jury Trial, ECF No. 216, is **DENIED**. Accordingly, this case will be tried by a jury.

**DONE and ORDERED** in chambers at Miami, Florida, this 27TH day of September 2013.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*